UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NORGREN AUTOMATION SOLUTIONS, LLC, a Delaware Limited Liability Company, | Case No.: |
| Plaintiff, | United States District Judge |
| v. | |
| PHD, INC., an Indiana Corporation, | Magistrate Judge |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, NORGREN AUTOMATION SOLUTIONS, LLC, by and through its attorneys, YOUNG BASILE HANLON & MACFARLANE P.C., for its complaint against PHD, INC., states as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the United States Code, Title 35, as amended.

1

## THE PARTIES

2. Plaintiff, NORGREN AUTOMATION SOLUTIONS, LLC ("Norgren") is a Delaware limited liability company having a place of business at 1325 Woodland Drive, Saline, Michigan 48176.

3. On information and belief, Defendant PHD, INC. ("Defendant"), is an Indiana corporation having a place of business at 9009 Clubridge Drive, Fort Wayne, Indiana 46809.

## JURISDICTION AND VENUE

4. This claim arises under the United States Patent Laws, 35 U.S.C. §§ 1, *et seq*. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant pursuant to MCL 600.711 and MCL 600.715.

6. Defendant has transacted business in Michigan and this judicial district, has carried on a continuous and systematic part of its general business within Michigan, has had substantial, continuous, and systematic contacts with Michigan and this judicial district, and has committed and/or will commit acts within Michigan and this judicial district.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

2

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. RE39,786

8. Plaintiff Norgren realleges and incorporates by reference the allegations of paragraphs 1-7 above, as if fully set forth herein.

9. On August 21, 2007, U.S. Patent No. RE39,786 ("the '786 Patent") entitled "CLAMP WITH IMPROVED INTERNAL CAM ACTION" was duly and lawfully reissued by the United States Patent and Trademark Office to Jeffrey J. Dellach. A true and correct copy of the '786 Patent is attached as Exhibit A.

10. Plaintiff Norgren is the owner of the '786 patent by way of assignment.

11. The '786 patent confers upon Plaintiff Norgren the exclusive right to make, use, sell and offer for sale the invention therein described.

12. Since the grant of the '786 Patent, Plaintiff Norgren has continuously marked substantially all clamps manufactured according to the patent with the reference "Patent" or "Pat." and the patent number "RE39,786". Accordingly, Defendant has had constructive notice of the '786 Patent since at least as early as August 21, 2007.

13. Defendant and Plaintiff Norgren have a past history of litigation in the field of clamps.

14. Defendant has monitored Plaintiff Norgren's portfolio of issued patents and pending patent applications. For example, Defendant filed an opposition against related European Patent number EP0928663.

15. On information and belief, Defendant had actual knowledge of the '786 Patent at least as early as August 2007 as a result of its monitoring of Plaintiff Norgren's portfolio of issued patents and pending patent applications.

16. On information and belief, Defendant has made, used, offered for sale, and sold and is now making, using, offering for sale, and/or selling, without permission from Plaintiff Norgren and with actual knowledge of the '786 Patent, clamps that infringe at least one of the claims of the '786 Patent. By way of example and not limitation, Defendant has infringed at least claims 7, 15, 18, 21-23, 27-35, and 39-42 of the '786 patent by making, using, offering for sale, and/or selling the Series GRM Pneumatic Workholding Clamp, the Series GRM1 Miniature Pneumatic Workholding Clamp, and the Series PS Pneumatic Reach & Pick Clamp, and at least claims 7 and 18 of the '786 patent by making, using, offering for sale, and/or selling the Series GRME Electric Workholding Clamp.

17. Defendant has actively induced and continues to actively induce infringement by others of the '786 Patent by making, using, selling, and/or

4

offering for sale the clamps described above. Defendant knew or should have known that making, using, selling, and/or offering for sale the clamps to others would induce actual infringement of the '786 Patent by others.

18. On information and belief, Defendant's infringing activities have been willful and deliberate as the risk of infringing the '786 Patent was known or, alternatively, so obvious that the risk of infringing the '786 Patent should have been known to Defendant.

19. As a result of Defendant's actual infringement, Plaintiff Norgren has suffered damage, and unless and until the actions of Defendant are enjoined, Plaintiff Norgren will continue to suffer damage.

20. Defendant's infringing activities have and will continue to directly and proximately cause Plaintiff damages.

21. The present case is an exceptional case, entitling Plaintiff Norgren to an award of attorney's fees.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. RE41,223

22. Plaintiff Norgren realleges and incorporates by reference the allegations of the Complaint as set forth in Paragraphs 1-21 above, as if fully set forth herein.

23. On April 13, 2010, U.S. Patent No. RE41,223 ("the '223 Patent") entitled "CLAMP WITH IMPROVED INTERNAL CAM ACTION" was duly and lawfully issued by the United States Patent and Trademark Office to Jeffrey J. Dellach. A copy of the '223 Patent is attached as Exhibit B.

24. Plaintiff Norgren is the owner of the '223 Patent by way of assignment.

25. The '223 Patent confers upon Plaintiff Norgren the exclusive right to make, use, sell, and offer for sale the invention therein described.

26. Since the grant of the '223 Patent, Plaintiff Norgren has continuously marked substantially all clamps manufactured according to the '223 Patent with the reference "Patent" or "Pat." and the patent number RE41,223. Accordingly, Defendant has had constructive notice of the '223 Patent since at least as early as April 13, 2010.

27. On information and belief, Defendant had actual knowledge of the '223 patent at least as early as April 2010 as a result of its monitoring of Plaintiff Norgren's portfolio of issued patents and pending patent applications.

28. Defendant has made, used, offered for sale and sold and is now making, using, offering for sale, and/or selling, without permission from Plaintiff Norgren and with actual knowledge of the '223 Patent, clamps that

6

fall within the scope of at least one claim of the '223 Patent, thereby infringing the '223 Patent. By way of example and not limitation, Defendant has infringed at least claims 1-3, 9-12, 17, 21, 22, 25-28, and 31 of the '223 patent by making, using, offering for sale, and/or selling the Series GRM Pneumatic Workholding Clamp, the Series GRM1 Miniature Pneumatic Workholding Clamp, and the Series PS Pneumatic Reach & Pick Clamp, and at least claims 10-12, 17, 21, 22, 25-28, and 31 of the '223 patent by making, using, offering for sale, and/or selling the Series GRME Electric Workholding Clamp.

29. On information and belief, Defendant has actively induced and continues to actively induce infringement by others of the '223 Patent by making, using, selling, and/or offering for sale the clamps referenced above. Defendant knew or should have known that making, using, selling, and/or offering for sale the clamps to others would induce actual infringement of the '223 Patent by others.

30. On information and belief, the Defendant's infringing activities have been willful and deliberate as the risk of infringing the '223 Patent was known or, alternatively, so obvious that the risk of infringing the '223 Patent should have been known to Defendant.

31. As a result of Defendant's acts of infringement, Plaintiff has suffered damage, and unless and until the actions of Defendant are enjoined, Plaintiff will continue to suffer damage.

32. Defendant's infringing activities are directly and proximately causing immediate and irreparable injury to Plaintiff Norgren for which Plaintiff Norgren has no adequate remedy at law.

33. Defendant's infringing activities have and will continue to directly and proximately cause Plaintiff's damages.

34. The present case is an exceptional case, entitling Plaintiff Norgren to an award of attorney's fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for Norgren against Defendant, declaring that they have willfully infringed Plaintiff Norgren's patents

B. Award Norgren all damages it has sustained as a result of Defendant's patent infringement and order that the damages be trebled pursuant to 35 U.S.C. 284.

C. Declare this case exceptional and find that Norgren is entitled to recover its costs and reasonable attorney's fees incurred in this action, pursuant to 35 U.S.C. 285.

D.  Preliminarily and permanently enjoin and restrain Defendant and its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with them, from infringing, contributorily infringing or inducing infringement of Plaintiff Norgren's patents.

E.  Enter an order requiring Defendant to offer up for destruction any and all remaining inventory of any infringing products.

F.  Enter judgment granting such other relief as justice and equity may require.

## DEMAND FOR JURY TRIAL

Plaintiff Norgren hereby requests a jury trial of all issues.

Respectfully submitted,

s/Todd L. Moore
Todd L. Moore (P45472)
Marshall G. MacFarlane (P27296)
Craig A. Redinger (P68794)
YOUNG BASILE HANLON &
MACFARLANE P.C.
301 E. Liberty, Suite 680
Ann Arbor, Michigan 48104
(734) 662-0270
moore@youngbasile.com
macfarlane@youngbasile.com
redinger@youngbasile.com
Attorneys for Plaintiff

DATED: September 3, 2014