UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORGREN AUTOMATION
SOLUTION, LLC,

                                      Civil Action No.14-cv-13400
      Plaintiff,              HON. GERSHWIN A. DRAIN

v.

PHD, INC.,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS [#20] AND CANCELLING MARCH 23, 2015 HEARING

### I.  INTRODUCTION

This is a patent infringement case involving Plaintiff, Norgren Automation Solutions, LLC's, United States Patent Nos. RE39,786 (the "'786 Patent") and RE4141,223 (the "'223 Patent"). Presently before the Court is Defendant, PHD, Inc's, Motion to Stay Proceedings, filed on January 26, 2015. Plaintiff filed a Response in Opposition on February 12, 2015. Defendant failed to file a Reply in support of the present motion and the deadline for filing a Reply has passed. *See* E.D. Mich. L.R. 7.1(e)(2)(C). Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of Defendant's present motion. Accordingly, the motion will be determined on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons that follow, the Court will deny Defendant's Motion to Stay Proceedings.

## II. LAW & ANALYSIS

On January 23, 2015, Defendant filed requests for reexamination of the patents-in-suit with the United States Patent and Trademark Office ("USPTO"). Defendant argues that a stay is warranted because of the numerous benefits that will arise from foregoing the continuation of patent litigation during the pendency of reexamination proceedings. *See* Def.'s Br. at 3-4.

As an initial matter, the Court agrees with Plaintiff that the instant motion has been brought prematurely. Defendant's request for reexamination has not been granted. As such, a stay at this juncture would be without justification. *See Heinz Kettler GmbH & Co. v. Indian Indus., Inc.*, 592 F. Supp.2d 880, 882 (E.D. Va. 2009) (concluding that a stay is inappropriate before reexamination has been ordered); *BorgWarner, Inc. v. Honeywell Intl., Inc.*, No. 1:07-cv-184, 2008 WL 818934, *1 (W.D.N.C. Mar. 24, 2008) ("Defendant's motion for a stay of these proceedings is premature, as the Defendant's request for reexamination has not yet been granted.").

In any event, even if reexamination had been granted when the instant motion was filed, the Court would nonetheless deny Defendant's request for a stay. In patent cases, courts have the inherent and discretionary authority to stay litigation pending

reexamination. *See Ethicon Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their docket and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). However, courts in this district have been cautioned to "tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977).

Courts must consider the following factors when determining whether to stay a case pending reexamination, "'(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Magna Donnelly Corp. v. Pilkington N. Am., Inc.,* No. 06-126, 2007 U.S. Dist. LEXIS 17536, at *2 (W.D. Mich. March 12, 2007)).

Defendant does not address whether a stay will unduly prejudice the Plaintiff, instead Defendant presents a list of purported benefits. The Court finds the Plaintiff will suffer substantial prejudice under the circumstances present here. Defendant has known about the '786 Patent since at least 2007 when it filed an opposition to the

European counterpart to the patents-in-suit. Therefore, Defendant could have filed a request for reexamination some time ago. Instead, Defendant waited until after Plaintiff brought the instant patent infringement suit. A stay under such circumstances would cause unfair prejudice to Plaintiff since Defendant would be free to continue its alleged infringing conduct during the pendency of the reexamination proceeding.

Moreover, Plaintiff and Defendant are direct competitors. It would be prejudicial to Plaintiff if Defendant was allowed to continue to increase its market share while simultaneously precluding Plaintiff from building its market share through the enforcement of its patent rights. *Tric Tools, Inc. v. TT Technologies, Inc.*, No. 12-cv-3490YGR, 2012 WL 5289409, *2 (N.D. Cal. Oct. 25, 2012) (finding that a stay would cause significant harm because the parties were direct competitors and delay would prevent the plaintiff "in terms of developing a market for its products."); *see also Everlight Elec. Co., Ltd. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, * (E.D. Mich. Apr. 30, 2013) (noting that "[c]ourts routinely deny requests for stay during the pendency of PTO proceedings where the parties are direct competitors.")

Additionally, it is not guaranteed, as Defendant suggests, that its request for reexamination "will result either in reissue of the '223 Patent and/or the '786 Patent with amended claims or cancellation of some or all of the patent claims[.]" Def.'s Br. at 4. The patents-in-suit are presumed valid pursuant to 35 U.S.C. § 282. As such,

a stay would prevent Plaintiff from enforcing its rights for a lengthy period of time since reexamination proceedings can take years to resolve.

Defendant next claims that granting "a stay will simplify the issues being litigated in this case." However, Defendant fails to mention that should its reexamination request be granted, it will have no impact on its asserted affirmative defenses, including estoppel, inequitable conduct and validity under 35 U.S.C. § 101. Reexamination will only address validity of the patents-in-suit in relation to 35 U.S.C. §§ 102-103.

Lastly, contrary to Defendant's representations that discovery has not begun, discovery between the parties has commenced as Plaintiff has provided its infringement contentions and served its First Set of Interrogatories, Requests for Production and Requests for Admission and the Court has entered a Protective Order. Defendant has served its validity contentions and preliminary claim construction issues. In fact, the Court entered a scheduling order with a shortened discovery period because it bifurcated the liability and damages issues in the case. By the time the request for reexamination is resolved, the deadline for liability-phase fact discovery will be close to expiring. Additionally, a trial date as to liability has been set.

### III. CONCLUSION

Accordingly, Defendant has failed in its burden to demonstrate that a stay is

warranted under the circumstances. Defendant's Motion to Stay Proceedings [#20] is DENIED.

SO ORDERED.

Dated: March 18, 2015          /s/Gershwin A Drain
                               GERSHWIN A. DRAIN
                               UNITED STATES DISTRICT JUDGE