UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORGREN AUTOMATION
SOLUTION, LLC,

        Plaintiff,

Civil Action No.14-cv-13400
HON. GERSHWIN A. DRAIN

v.

PHD, INC.,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S SECOND MOTION TO STAY PROCEEDINGS [#29] AND CANCELLING HEARING

On April 14, 2015, Defendant filed its Second Motion to Stay Proceedings. *See* Dkt. No. 29. On March 18, 2015, this Court denied Defendant's original Motion for a Stay for several reasons, including the unfair prejudice to Plaintiff if a stay were entered in these proceedings. *See* Dkt. No. 26 at 3-5. The Court also found that a stay would not simplify all of the issues being litigated in this case, that discovery had already begun and a trial had been set for the liability phase of these proceedings. *Id.* at 5.

Defendant again moves for a stay of these proceedings because the United States Patent and Trademark Office ("PTO") granted reexamination proceedings related to the claims in the patents-in-suit on March 23, 2015. As such, Defendant

-1-

maintains that its request for a stay is no longer premature. However, the Court did not resolve Defendant's original Motion for Stay solely on the basis that the motion was premature. *See* Dkt. No. 26 ("In any event, even if reexamination had been granted when the instant motion was filed, the Court would nonetheless deny Defendant's request for a stay.")

The remainder of Defendant's reasons for seeking a stay of the instant proceedings are arguments that have already been considered and rejected by the Court in its original decision. As such, Defendant's Motion appears to be an untimely Motion for Reconsideration, which would have been due no later than April 6, 2015. Moreover, "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments . . . ." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). Defendant's present motion simply does not remedy the defects in its original filing. Defendant has failed in its burden showing circumstances justify an exercise of this Court's discretion to grant a stay.

Additionally, and inexcusably, Defendant fails to indicate in its present motion whether it sought concurrence from Plaintiff for the relief sought in its present motion. This is contrary to the local rules of this Court.

LR 7.1: Motion Practice

    (a)    Seeking Concurrence in Motions and Requests.

        (1)    The movant must ascertain whether the contemplated motion . . . will be opposed. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.

        (2)    If concurrence is not obtained, the motion or request must state:
- (A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; or
- (B) despite reasonable efforts specified in the motion or request, the movant is unable to conduct a conference.

E.D. Mich. L.R. 7.1(a).

Accordingly, for the foregoing reasons, Defendant's Second Motion to Stay Proceedings [#29] is DENIED.

Dated: April 15, 2015        /s/Gershwin A Drain
                                      GERSHWIN A. DRAIN
                                      UNITED STATES DISTRICT JUDGE