UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORGREN AUTOMATION SOLUTIONS, LLC,

Plaintiff,

v.

PHD, INC.,

Defendant.

Case No. 14-cv-13400

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

/

**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. NO. 54]**

**I. INTRODUCTION**

On September 28, 2015, this Court entered an Opinion and Order: (1) overruling Plaintiff's objections to a Report and Recommendation regarding the appropriate construction of the patent claim terms at issue submitted by Special Master Richard D. Grauer on June 22, 2015, and (2) accepting and adopting that Report and Recommendation. *See* Dkt. No. 53. On October 13, 2015, Plaintiff filed a Motion for Reconsideration of the Court's September 28, 2015 Opinion and Order. Dkt. No. 54. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiff's Motion for Reconsideration is not permitted. The Court will grant Plaintiff's Motion for Reconsideration.

**II. LEGAL STANDARD**

Motions for reconsideration are governed by Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the

> court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). In addition, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, a district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

### III. DISCUSSION

Plaintiff argues that the Opinion and Order contains an inadvertent reference to "hydraulic" means in the second sentence of the first full paragraph on page 11 of the Opinion and Order (the "subject sentence"). The subject sentence states:

> In prosecuting the '786 Patent, the patentee then argued in no uncertain terms that the application only related to a **hyrdaulic means** as the patentee indicated that "[c]learly, the actuation of a fluid actuator for engaging the jaws is nowhere related to the device described in the Kraft reference" and the patentee clarified that "the subject application utilizes fluid-operated actuators." Dkt. No. 42-5 at 22.

Dkt. No. 53 at 11 (emphasis added). Plaintiff contends that the Court's reference to "hydraulic" means in the subject sentence was a misstatement and that the Court probably meant "fluid" means. Pursuant to Rule 60(a), Plaintiff therefore moves the Court to correct that alleged mistake.

Upon a review of Plaintiff's Motion for Reconsideration and the parties' earlier filings, the Court agrees that the term "hydraulic" means was inadvertently used in the subject sentence of the September 28, 2015 Opinion and Order. The Court did, in fact, intend that the term "fluid" means be used in the subject sentence because "fluid" means accurately describes

-3-

Plaintiff's stress on fluid-operated actuators when making its argument to the United States Patent and Trademark Office. Accordingly, the Court concludes that the subject sentence in the September 28, 2015 Opinion and Order should be amended accordingly.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration [Dkt. No. 54] is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 60(a), the subject sentence on page 11 of the Court's September 28, 2015 Opinion and Order shall be corrected by replacing the word "hydraulic" on page 11 with the word "fluid."

IT IS SO ORDERED.

Dated: October 21, 2015                             s/Gershwin A. Drain
                                                    HON. GERSHWIN A. DRAIN
                                                    United States District Court Judge